J-S19025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY MALLORY | |
| Appellant | No. 119 EDA 2015 |

Appeal from the Order Entered December 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0200651-1998

BEFORE: BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED MAY 12, 2016**

Appellant, Ricky Mallory, appeals from the December 1, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

Appellant is presently serving a 35 to 70 year sentence for attempted murder, aggravated assault, conspiracy, unlawful possession of a firearm,[1] and related offenses. The convictions arise from the August 27, 1996 shooting of the victim, Dante Hunter. Appellant and his codefendants proceeded to a September 17, 1998 bench trial, at the conclusion of which the trial court found Appellant guilty of the aforementioned crimes. The trial court imposed the 35 to 70 year sentence on January 29, 1999. This Court

_____

[1] 18 Pa.C.S.A. §§ 901, 2502, 2702, 903, and 6103, respectively.

affirmed the judgment of sentence on July 3, 2000, and the Supreme Court denied allowance of appeal on December 12, 2000. On November 28, 2001, Appellant filed this timely first PCRA petition, which is now approaching fifteen years of litigation. The PCRA court ordered a new trial on March 2, 2004, reasoning that Appellant's guilty plea was invalid because the trial court did not conduct an oral colloquy. The Commonwealth filed a timely notice of appeal, and this Court reversed and remanded to the PCRA court in a published opinion. **Commonwealth v. Mallory**, 888 A.2d 854 (Pa. Super. 2005), *reversed*, 941 A.2d 686 (Pa. 2008). This Court reasoned that Appellant failed to prove the outcome of his trial would have been different if counsel objected to the absence of an oral waiver colloquy and that counsel's failure did not create a presumption of prejudice. **Id.** at 859-60. In reversing this Court, the Supreme Court held that Appellant could prove prejudice if he could establish the outcome of the waiver colloquy would have been different—i.e., he would have chosen a jury trial—but for counsel's ineffectiveness. **Commonwealth v. Mallory**, 941 A.2d 686, 704 (Pa. 2008), *cert. denied*, 555 U.S. 884 (2008).

On remand, the PCRA court granted Appellant a new trial by order of April 19, 2009. The Commonwealth filed a timely appeal, and this Court reversed in an unpublished memorandum dated July 8 2010. The Supreme denied allowance of appeal on May 25, 2011. Thus, the remaining issues in Appellant's original PCRA petition finally were ripe for disposition. On

January 23, 2012, however, Appellant filed an amended petition. On January 27, 2012, the PCRA court dismissed the amended petition as untimely. This Court reversed the PCRA court's order in a July 22, 2013 memorandum, reasoning that Appellant's amendment of a timely pending petition was permissible under Pa.R.Crim.P. 905. In that memorandum, we also rejected Appellant's challenges to the legality of his sentence. This Court denied Appellant's petition for reargument *en banc* by order of September 25, 2013. The Supreme Court denied allowance of appeal on April 15, 2014. On September 26, 2014, Appellant filed a motion for the PCRA court to recuse itself, which the PCRA court denied. The PCRA court heard argument on October 24, 2014. At the conclusion of argument, the court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 1, 2014, the PCRA court entered the order on appeal, dismissing Appellant's remaining collateral claims.

Appellant raises three issues for our review:

> (1) Whether the [PCRA] court erred in failing to grant a motion for recusal where the court underrepresented the extent of the treat(s) lodge against him and/or his family prior to sentencing during the direct appeal to the Superior Court; where police were assigned to monitor him and his home as protection from alleged threats; where the threats occurred after the trial but prior to sentencing; where there are allegations of the court's relationship with the trial prosecutor was that of a God daughter; where there is an alleged relationship, either familiar or marriage, between the Judge and Appellant's family; where the Judge assigned the threats to the

Appellant and Co-Defendants as coming from the defendants; and where trial counsel told the Appellant before sentencing that the Judge was upset and angry about threats made to him?

(2) Whether the trial court erred in failing to hold an evidentiary hearing to determine whether a violation of Appellant's 6th Amendment right to counsel under the U.S. Constitution, and Article 1, § 9 of the Pennsylvania Constitution occurred: under [*Brady v. Maryland*, 373 U.S. 83 (1963)]; where counsel provided ineffective assistance of counsel; and in light of a violation of the confrontation clause?

(3) Whether the court erred in failing to hold an evidentiary hearing on if the Commonwealth violated *Brady* by failing to provide impeachment evidence regarding the complainant, Dante Hunter[,] prior to trial[,] specifically evidence of the federal investigation arrest and charges against him, what his anticipated sentence was, what was offered, and/or that he received or would receive favorable treatment for his cooperation in the prosecution of Appellant, and that such omission violated Appellant's right to due process and right of confrontation under the U.S. and Pennsylvania Constitutions?

Appellant's Brief at 3-4.

On appeal, we must determine whether the record supports the PCRA court's order and whether it is free of legal error. *Commonwealth v. Lesko*, 15 A.3d 345, 358 (Pa. 2011). Dismissal without a hearing is appropriate when the PCRA court is satisfied that the petition presents no issues of material fact and a hearing would serve no purpose. Pa.R.Crim.P. 907(1).

Concerning Appellant's recusal motion, we observe that Appellant unsuccessfully litigated a very similar issue on direct appeal. The PCRA does

- 4 -

not permit a petitioner to raise previously litigated issues. 42 Pa.C.S.A. § 9543(a)(3). To the extent Appellant's current recusal motion differs from the one he raised before the trial court, we agree with the PCRA court's analysis in its July 8, 2015 opinion and its conclusion that Appellant has failed to offer any basis for the PCRA court's recusal. We observe that the PCRA court has denied that the prosecutor is his Goddaughter. N.T. Argument, 10/24/14, at 17-19.

In support of his second argument, Appellant addresses a host of prior counsel's errors he believes implicate his Sixth Amendment rights.[2] The PCRA court's opinion thoroughly and accurately addresses most of Appellant's arguments. Among Appellant's claims is counsel's failure to locate and/or call five witnesses who could have helped Appellant at trial. The PCRA court's opinion addresses Appellant's arguments with regard to three witnesses, excepting Jamila Price and Ransom Livingston. Appellant argues that Jamila Price would have testified that Appellant was not one of the shooters. Appellant failed to elaborate, either in his petition or at the argument thereon. The entirety of Appellant's argument was as follows:

> [Appellant's Counsel]: -- number 5 is regarding the witness by the name of Jamila Price, where my client specifically told the trial attorney that his was a witness that he needed to investigate, that this person could provide information that

_____

[2] Appellant's brief is not well organized, and most of the arguments are poorly developed and, at best, tangentially related to the question presented.

would aid in his defense and no investigation was done; the witness was not called at trial. And my client is arguing that this, too, would have affected the outcome of the trial.

N.T. Hearing, 10/24/14, at 24.

A PCRA petitioner asserting counsel's ineffectiveness for failing to call a witness must do the following:

> There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.

***Commonwealth v. Reid***, 99 A.3d 427, 438 (Pa. 2014). Appellant has failed to meet the procedural requirement by filing a certification. Appellant also did not allege, certify, or providing an affidavit indicating Price was prepared to cooperate and testify at Appellant's trial.

In addition, the PCRA court offered the following assessment of absent witnesses who allegedly would have helped Appellant's defense:

> THE COURT: I'm talking about witnesses. Everybody knew about this case. Everyone in Philadelphia knew about this case. This case was not held in secrecy. The Curly Top gang was on trial; anybody who wanted to come, who wanted to testify, knew that this case was going on.

- 6 -

Even at sentencing, once I found him guilty, I deferred sentencing for eight weeks. Presentence investigation, mental health.

Witnesses knew they could come forward, nobody came forward to say: These are not individual shooters. And, of course, Dante Hunter was here and Dante Hunter identified who shot him and who ambushed him in his convertible, white Mercedes Benz, in West Philadelphia.

The PCRA court, presiding as fact finder over Appellant's trial, found the victim credible in his identification of Appellant as one of the shooters. Appellant therefore has failed to establish that Price's absence prejudiced him or denied him a new trial. Appellant's brief also asserts that counsel was ineffective for failing to call Ransom Livingston as a witness. Appellant never addressed Livingston before the PCRA court in his petition or at argument, and cannot do so for the first time on appeal. Pa.R.A.P. 302(a). Appellant also failed to offer a proper certification and failed to explain how Livingston's absence prejudiced him.

Finally, we take note of Appellant's claim that the PCRA court failed to ensure that the Department of Corrections was aware of his modified sentence order.[3] Appellant addressed this issue before the PCRA court, and the court stated it would address any error. N.T Argument, 10/24/14, at 35-36. Appellant also complained of this error to a prior panel of this Court, in response to which we advised Appellant that any error in the Department of

---

[3] The trial court originally sentenced Appellant to 45 to 90 years of incarceration and then modified the sentence to 35 to 70 years

Corrections' computation of his sentence rests within the jurisdiction of the Commonwealth Court and is not cognizable under the PCRA. ***See Commonwealth v. Mallory***, 519 EDA 2012 (Pa. Super. July 22, 2013), unpublished memorandum at 12 n.9. Once again, we advise Appellant that, to the extent the Department of Corrections has made any error in the computation of Appellant's sentence, Appellant should seek relief in the Commonwealth Court.

In summary, we have reviewed the parties' briefs, the record, the applicable law, and the PCRA court's opinion. We conclude that the PCRA court's July 8, 2015 opinion accurately addresses all of Appellant's assertions of error, with the exception of counsel's failure to call Ransom Livingston and Jamila Price. We therefore adopt the PCRA court's reasoning as our own. Appellant's arguments concerning Jamila Price and Ransom Livingston fail for the reasons we have explained in this memorandum. Any computational error by the Department of Corrections is not cognizable under the PCRA and not properly before this Court. In light of all of the foregoing, we affirm the PCRA court's order. We direct that a copy of the PCRA court's July 8, 2015 opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2016

FILED

JUL 08 2016

Post Trial Unit

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| v. | : | CP-51-CR-0200651-1998 |
| | : | |
| Ricky Mallory | : | |
| | : | |
| CP-51-CR-0200651-1998 Comm. v. Mallory, Ricky Opinion | : | 119 EDA 2015 |
| | : | |
| Means, J. | : | July 8, 2015 |

7316736091

## PCRA OPINION

## FACTUAL HISTORY

On August 27, 1996, at the corner of 43rd and Pennsgrove Street, while acting in concert with others in the course of attempting to murder Dante Hunter, the defendant, Ricky Mallory, released a vast amount of bullets from a loaded weapon into a vehicle driven by Dante Hunter. In addition, the defendant continued to fire shots into the vehicle at the victim as he made a U-turn and drove several blocks away. Prior to this incident, the defendant and his accomplices, alleged gang members, summoned the victim to this location by telephone, stipulating a possible truce between the former friends. The victim fled the scene and attended a nearby hospital. The victim was kept under medical care and observation for one to two weeks following this incident. The victim suffered severe dental damage as well as harboring the unrecovered bullets in his neck and face.

Defendant was arrested and charged with Attempted Murder, Aggravated Assault, Violating the Uniform Firearms Act, Possessing an Instrument of Crime, and Criminal Conspiracy.

1

## PROCEDURAL HISTORY

On September 17, 1998, after a waiver trial this Court found Defendant guilty of: Attempted Murder, 18 Pa. C.S. § 901, Aggravated Assault, 18 Pa. C.S. § 2702, Criminal Conspiracy, 18 Pa. C.S. § 903, Possessing an Instrument of Crime ("PIC"), 18 Pa. C.S. § 907, Violation of the Uniform Firearms Act ("VUFA"), 18 Pa. C.S. § 6103, Simple Assault, 18 Pa. C.S. § 2701, and Recklessly Endangering Another Person ("REAP"), 18 Pa. C.S. § 2705.

Accordingly, on October 5, 1998, this Court sentenced Defendant to 20-40 years for attempted murder, 10-20 years for Aggravated Assault, 10-20 years for Criminal Conspiracy, 2.5-5 years for Carrying Firearms on Public Streets or Public Property, and 2.5-5 years for Possessing an Instrument of Crime. The charge of Simple Assault merged with Aggravated Assault. No further penalty was given on the Recklessly Endangering Another Person (REAP) charges. The Defendant's aggregate sentence was 45-90 years' incarceration.

On January 29, 1999, this Court modified the sentence to 35-70 years incarceration, after vacating the 10-20 years sentence of incarceration for Aggravated Assault.

Defendant sought a timely direct appeal to the Superior Court of Pennsylvania. On July 3, 2000, the Superior Court of Pennsylvania affirmed the judgment of the Trial Court. On December 12, 2000, the Supreme Court denied the defendant's petition for allowance of Appeal.

On December 11, 2001, defendant filed a Post Conviction Relief Act (PCRA) petition. On March 2, 2004, the petition was granted, the sentence was vacated and a new trial was ordered. On March 23, 2004, the Commonwealth filed a Notice of Appeal to the Superior Court of Pennsylvania. On February 10, 2006, the case was remanded to the PCRA Court. On March 2, 2006, Petition for Allowance of Appeal to the Supreme Court was filed. On April 17, 2006, the case was remanded to the PCRA Court.

2

On March 24, 2008, the Supreme Court of Pennsylvania reversed the order and remanded the record for further proceedings. On April 14, 2009, an order granting PCRA Petition was made which vacated the sentence and a new trial was ordered. On May 14, 2009, the Commonwealth once again appealed to the Superior Court of Pennsylvania. On July 8, 2010, the Superior Court of Pennsylvania reversed the Order. On May 25, 2011, the Pennsylvania Supreme Court denied the defendant Petition for Allowance of Appeal. On June 23, 2011, defendant received notice of denial of petition for Allowance of Appeal from the Supreme Court of Pennsylvania. On January 23, 2012, Defendant entered a supplemental amended petition under the PCRA. On January 27, 2012, this Court dismissed the PCRA amended petition as untimely. On February 15, 2012, Defendant appealed to the Superior Court of Pennsylvania, which on July 22, 2013, held that this Court erred in determining that it lacked jurisdiction.

On April 15, 2014, the Supreme Court of Pennsylvania denied the defendant's petition for allowance of appeal. On July 14, 2014, the Commonwealth filed a motion to dismiss. On September 26, 2014, the Defendant filed a motion for recusal. On December 1, 2014, this Court granted dismissal of the PCRA petition. On December 31, 2014 the defendant appealed to the Superior Court of Pennsylvania. Defendant then filed a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Appellant raises three issues for this court's review.

(1) Whether the trial court erred in failing to grant a motion for recusal where he court underrepresented or misrepresented the extent of the threat(s) lodged against him and/or his family prior to sentencing during the direct appeal to the Superior Court; where police were assigned to monitor him and his home as protection from alleged threats; where the threats occurred after the trial but prior o sentencing, where there are allegations of the court's relationship with the trial

3

prosecutor was that of a god daughter; where here is an alleged relationship, either familiar or marriage, between the Judge and Appellant's family; where he Judge assigned the threats to the Appellant and Co-Defendants as coming from the defendants; and where trial counsel told the Appellant before sentencing that the Judge was upset and angry about the threats made to him?

(2) Whether the trial court erred in failing to hold an evidentiary hearing to determine whether a violation of Appellant's Sixth Amendment right to counsel under the U.S. Constitution and Article 1, § 9 of the Pennsylvania Constitution occurred for the issues raised by the Appellant while asserting his innocence?

(3) Whether he court erred in failing to hold an evidentiary hearing on if the Commonwealth violated Brady by failing to provide impeachment evidence regarding the complainant, Dante Hunter prior to trial specifically evidence of the federal investigation, arrest and charges against him, what his anticipated sentence was, what was offered, and/or that he receive or would receive favorable treatment for his cooperation in the prosecution of Appellant, and that such omission violated Appellant's right to due process and right of confrontation under the U.S. and Pennsylvania Constitutions?

Statement of Errors Complained of on Appeal, 02/19/2015 at 2-3

## LEGAL ISSUES

When raising an issue through a PCRA petition, Defendant must first establish that he has been convicted of a crime under the laws of this Commonwealth and is currently serving a sentence of imprisonment, probation or parole for the crime, awaiting execution of a sentence of death for the crime, or serving a sentence that must expire prior to serving the disputed sentence.

4

42 Pa.C.S. 9543(a)(1). Defendant must also establish by a preponderance of the evidence that the conviction or sentence resulted from at least one of the reasons enumerated in the PCRA petition under 42 Pa. C.S. 9543(a)(2):

(a)(2)(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(a)(2)(ii) Ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(a)(2)(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(a)(2)(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(a)(2)(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(a)(2)(vii) The imposition of a sentence greater than the lawful maximum.

(a)(2)(viii) A proceeding in a tribunal without jurisdiction.

Defendant must then show that the claim has not been previously litigated or waived. Commonwealth v. Banks, 540 Pa. 143, 656 A.2d 467 (1995) and 42 Pa.C.S. §§ 9543(a)(2)(i)-(vii), 9543(a)(3), and 9544(a)-(b). Defendant must not have waived the issue by failing to raise it before trial, during trial, or on appeal. 42 Pa.C.S. § 9544(b). If the claim has been finally litigated, it is not subject to further review. 9543(a)(3); see also §9544(a). If the claim has not been previously litigated, it can be raised if the Petitioner can prove that the claim has not been waived.

5

**A.** **This Court did not err in refusing to recuse itself.**

Defendant presents the following claims regarding recusal.

1. The court had a personal relationship with the prosecuting attorney; and,

2. The court received threats in relationship to the case at trail.

Statement of Errors Complained of on Appeal, 02/19/2015 at 2-3.

It is appropriate that the trial judge recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or when he believes his impartiality can be reasonably questioned. Commonwealth v. Montalvo, 986 A.2d 84 (Pa. 2009). However, it is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment of his ability to do so is personal and final, absent abuse of discretion. Id., (citing, Commonwealth v. Druce, 311 A.2d 652, 654 (Pa. 2004) see also, Commonwealth v. Abu-Jamal, 720 A.2d 79, 89 (Pa. 1998)("Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion."). The requesting party bears the burden of showing evidence that establishes substantial doubt in the judge's ability to make a decision without bias, prejudice, or unfairness. Id., (citing, Commonwealth v. White, 910 A.2d 648, 657 (Pa. 2006)).

**i:** **Alleged relationship to the prosecuting attorney.**

The burden on the party moving for recusal is to present evidence that establishes substantial doubt in the judge's ability to make a decision without bias, prejudice, or unfairness. Id. The defendant does not meet this burden.

The defendant argues that the court had a relationship with the prosecuting attorney, Ms. Lineberger, at the time of trial that prevented impartiality. Brief for Defendant, 10/30/2014 at 4. However, no evidence beyond the defendant's own bold assertions supports this claim. Id. The

6

defendant argues that Ms. Lineberger is the goddaughter of this Court; however, the defendant admits, "there are no documents to prove this relationship." Id.

It is true that this Court was close friends with and a colleague of the prosecuting attorney's father, Judge Lineberger, however, a relationship with the father of the prosecuting attorney alone is not sufficient to establish substantial doubt of this Court's impartiality. Defendant continues to argue that an evidentiary hearing is necessary in order to present evidence that this Court is the prosecuting attorney's godfather. However, general allegations of error are not sufficient to require the court to hold an evidentiary hearing. Commonwealth v. Bazabe, 590 A.2d 1298, 1302 (Pa. Super. Ct. 1991). By the defendant's own admission, there are no documents to substantiate the claim, and an evidentiary hearing would not change this fact. Brief for the Defendant, 10/30/2014 at 4.

ii:     **This Court did not err in refusing to recuse itself due to threats made against This Court.**

Although there are no controlling cases that directly address the issue, there is not a complete absence of case law. The federal circuits have weighed in on several cases where attorneys argued a similar "recusal because of threat" theory and all have concluded that recusal is not required, but rather left to the discretion of the judge. United States v. Holland, 519 F.3d 909, 912-13 (9th Cir. 2008) *see* United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006)(Judge was not in error for failure to recuse himself after defendant threatened to kill witnesses, the prosecuting attorney, and the judge) *see also* United states v. Yu-Leung, 51 F.3d 1116, 1119-20 (2nd Cir. 1995). Further, deciding that a judge must recuse himself after being threatened would encourage defendants to threaten judges in order to get another judge or delay trial.

7

Further, the defendant incorrectly states that this Court did not acknowledge the threats to the Superior Court in its October 7, 1999 opinion. See, Brief for Defendant, 10/30/2014 at 6. To the contrary, this Court acknowledged the threats within its opinion and clarified that they were possibly threats of retaliation, but were not death threats. Trial Court Amended Opinion, 10/07/1999 at 9. This Court certainly did not misrepresent, dismiss, or flat-out lie about the threats as the defendant claims in his brief. Brief for Defendant, 10/30/2014 at 6.

Finally, the evidence offered by the defendant of prejudice is threadbare at best. The defendant relies upon the statement of his trial counsel who said, "Means is pissed off." Id. at 5. The opinion of the defendant's trial attorney is far from sufficient to establish prejudice by this Court. Defendant offers no other evidence demonstrating that the court was prejudiced toward him. Thus, recusal is not appropriate and this Court was within its discretion in refusing to recuse itself.

**B.  Ineffective Assistance of Counsel**

Defendant presents the following claims of trial counsel's ineffectiveness

1. Defendant's trial counsel was ineffective for failing to seek for recusal;

2. Defendant's trial counsel was ineffective for failing to seek severance which was prejudicial;

3. Defendant's trial counsel was ineffective for failure to discover and present testimony by witnesses, Hakeem Butler, Tiffany Ellis, and Sid Ming;

4. Defendant's appellant counsel was ineffective for failure to seek severance on prejudicial evidence;

5. Defendant's appellant counsel was ineffective for failure to raise Brady violation; and,

6. Defendant's appellant counsel was ineffective for failure to argue that the trial court should have granted a mistrial.

Statement of Errors Complained of on Appeal, 02/19/2015 at 2-3.

8

Defendant's heavy burden in proving counsel ineffective is well established. Counsel is presumed to be effective and the defendant has the burden of proving otherwise. Commonwealth v. Neal, 713 A.2d 657, 662 (Pa. Sup. 1998). Accord Commonwealth v. Jones, 438 Pa. Sup. 306, 311, 652 A.2d 386 (1995). To rebut this presumption, the defendant must show that: (1) his underlying claim has arguable merit; (2) prior counsel's performance was unreasonable; and (3) counsel's ineffectiveness prejudiced defendant. Commonwealth v. Beasley, 544 Pa. 554, 565, 678 A.2d 773, 778 (1996); Neal, 713 A.2d at 662.

Defendant cannot present an ineffectiveness claim due to counsel's unreasonable performance merely by arguing, with the benefit of hindsight, that counsel could have taken different steps. Rather, he must prove that counsel's strategy was "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Dunbar, 503 Pa. 590, 470 A.2d 74, 77 (1983). Accord, e.g., Commonwealth v. Albrecht, 510 Pa. 603, 511 A.2d 764, 775 (1986).

Prejudice can be established by a showing that, but for counsel's faulted action or omission, there exists a reasonable probability that the outcome would have been different. Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999). Dismissal is appropriate if it is clear that the defendant has not met the prejudice prong of the ineffectiveness standard, if this is the case inquiry into the first and second prongs is unnecessary. Commonwealth v. Baker, 614 A.2d 663 (Pa. 1992).

**i:     Defendant's trial and appellate counsel were not ineffective for failing to seek recusal.**

The defendant fails to show that counsel was ineffective for failure to seek recusal because both trial and appellate counsel reasonably refrained from seeking recusal and the failure to seek recusal did not have a prejudicial effect on the defendant. Beasley, 678 A.2d 773, 778

9

(1996). As stated above defendant's argument that the court should have recused itself is unpersuasive. Neither this Court's unsubstantiated relationship with the prosecution, nor the threats against this Court provide sufficient justification to override the court's discretion in deciding when to recuse itself. Druce, 311 A.2d 652, 654. Counselors are able to determine whether to present an argument at trial or on appeal, and in this case, both trial and appellate counsel reasonably choose not to seek recusal. Beasley, 678 A.2d 773, 778 (1996).

The decision not to seek recusal was reasonable because as stated above and within the defendant's own brief there is no evidence to substantiate the alleged relationship between this Court and the prosecuting attorney. Brief for Defendant, 10/30/2014 at 4. Without any additional evidence, a motion for recusal would be unlikely to succeed and thus both the trial and appellate counsel reasonably refrained from bringing up the issue.

Likewise, there is no evidence that the two unknown men who circled and approached this Court's home were attempting to threaten the judge or had any relationship to the defendant's case. Transcript of PCRA Hearing, 10/24/2014 at 31-32. Officers described the two unknown men as being old, between the ages of 65-70, a description that fits none of the defendants involved in the initial trial. Id. Because no party ever identified the two men, and the mere presence of threats does not require recusal, both the trial and appellate counsel reasonably refrained from seeking recusal.

Further, the only evidence the defendant offers to demonstrate that the threats made prejudiced this Court against him is a statement made by trial counsel. Brief for Defendant, 10/30/2014 at 5. This is not sufficient to establish that there was prejudice against the defendant. Without additional evidence to substantiate prejudice toward the defendant by this court, the ineffective assistance of counsel claim must fail. Kimball, 724 A.2d 326.

10

**ii:    Defendant's trial and appellate counsel were not ineffective for failing to seek severance which was prejudicial.**

Defendant argues that counsel was ineffective at trial for failing to seek severance from his co-defendants, who were being tried for drug trafficking in addition to the charges levied against the defendant. Defendant's claim of ineffective assistance of counsel must fail because trial counsel's performance was reasonable and the failure to seek severance did not result in prejudice against the defendant.

Under Pa.R.Crim.P. Rule 582, defendants may be tried together if the evidence of the offenses would be admissible in a separate trial or the offenses charged are based on the same act. Pa.R.Crim.P. Rule 582. In Commonwealth v. Norman, the Superior Court held that there is no reversible error in trying multiple defendants in one proceeding when they were charged with crimes that all grew out of a single act, required substantially identical evidence, and where conspiracy is alleged. Commonwealth v. Norman, 415 A.2d 898, 900 (Pa. Super. Ct. 1984) *see* Commonwealth v. Schwartz, 233 A.2d 904 (Pa. Super. Ct. 1967) (*Held*, when conspiracy is alleged, the defendants should generally be tried together).

Further, the Superior Court has addressed ineffective assistance of counsel claims when the underlying claim is failure to seek severance. In Commonwealth v. Gordon, the Superior Court found counsel was effective despite failure to seek severance. Commonwealth v. Gordon, 477 A.2d 1342, 1348 (Pa. Super. 1984). The court relied upon a five factors test in Gordon including (1) whether the offenses were identical, (2) if the offenses rose out of a single incident, (3) if the offense is based on statements from the same witness, (4) if the defense for the co-defendant's is the same, and (5) whether the defendant would have testified differently if tried separately. Id. Further, evidence of another crime by a co-defendant is admissible under Pa.R.E.

11

Rule 404, as long as the evidence's probative value outweighs its potential prejudicial effect. Pa.R.E. Rule 404.

Finally, severance is inappropriate when the inclusion of the co-defendants and the evidence against them results in harmless error. Commonwealth v. Young, 748 A.2d 166, 193 (1999). Harmless error occurs when the error did not prejudice the defendant or the prejudice was *de minimus*, or when the uncontested evidence of guilt was so overwhelming and the prejudicial effect of that error was so insignificant by comparison that the error could not have contributed to the verdict. Id. (citing, Commonwealth v. Robinson, 721 A.2d 344, 350 (1998)).

Defendant's joint trial with the Lewis brothers satisfies all the requirements of joinder as articulated by Pa.R.Crim.P Rule 582 and Norman. The defendant's charges arose out of the same act as those of his co-defendants, the charges required substantially the same evidence, and there was conspiracy alleged. Norman, 415 A.2d 898. In particular, the conspiracy charge alone makes severance inappropriate. Id. at 901. In addition, when applying the Gordon factors it is clear that severance was inappropriate. There is nothing to suggest that the defendant would have testified differently than he did in the original trial, nor is there evidence that the outcome would have differed if severed.

Additionally, the inclusion of the evidence of drug trafficking by the co-defendants was not prejudicial to the defendant, and was at most harmless error. The admission of the evidence qualifies as harmless error because it did not prejudice the defendant or had a *de minimus* effect, and the properly admitted evidence was so overwhelming that the possible prejudicial effect of the error is insignificant to the outcome of the trial. The inclusion of the charges against the co-defendants for drug trafficking, in a case focused on attempted murder with numerous witnesses, cannot be said to have any significant impact upon the defendant's case. The evidence was not

12

prejudicial to the defendant because the victim had testified that there was drug activity in the neighborhood and that a dispute over control of a shared drug enterprise incited the shooting. N.T. 9/15/1998, 10-26. Additionally, given the victim's testimony, identifying the defendant as one of the shooters, it is doubtful that the inclusion drug trafficking charges against the co-defendants affected the defendant in any meaningful way. Id. at 45-60.

In light of the foregoing, the trial counsel was not ineffective. Either trial counsel reasonably refrained from moving for severance, or the counselor's failure resulted in a harmless error that did not prejudice the defendant. For these reasons, the claim of ineffective assistance of counsel for failure to sever must fail.

### iii:     Defendant's trial counsel was not ineffective for failure to discover and present testimony by witnesses Hakeem Butler, Tiffany Ellis, and Sid Ming.

Defendant argues that trial counsel was ineffective for failure to bring several witnesses to testify at trial. The claim of ineffective assistance of counsel in regards to all three witnesses are unpersuasive and must fail.

To establish ineffective assistance of counsel for failure to present a witness, defendant must show that; 1) the witness existed; 2) the counsel knew of the existence of the witness; 3) the witness was available, 4) the witness was prepared to cooperate and to testify for the defendant at trial; and, 5) the absence of the testimony prejudiced the defendant so as to deny him a fair trial. Commonwealth v. Pursell, 724 A.2d 293 (Pa. 1999). Defendant must meet all five requirements in order to have a successful claim of ineffective assistance of counsel. Id.

Defendant fails to meet the requirements for an ineffective assistance of counsel claim in regards to Hakeem Butler because by his own admission he was not willing to cooperate and testify. Brief for Defendant, 10/30/2014 at 8. Mr. Butler stated that following the shooting he

13

"kept his mouth shut because of the code of the street." Id. Thus, the defendant's claim fails the fourth prong of the Pursell test because counsel cannot be ineffective for failing to present the testimony of someone who is unwilling to testify.

Likewise, the defendant's ineffective assistance of counsel claims fail concerning Tiffany Ellis and Jamila Price. The defendant failed to supply any form of certification or affidavit from Tiffany Ellis; this alone is fatal to the defendant's claim. Commonwealth v. Brown, 767 A.2d 576 (Pa. Super. Ct. 2001). There is no way of ascertaining what testimony Ms. Ellis would have given or if she was even willing to testify and for these reasons the claim of ineffective counsel must fail. Id. Similarly, the claim of ineffective assistance of counsel for failure to call Jamila Price cannot succeed. Defendant argues he told trial counsel that Ms. Price was a witness who had information that would aid the defendant's defense. N.T. 10/24/14, 24:8-16. There is no evidence that counsel should have called Jamila Price to testify other than the defendant's vague assertions. Id. There is no affidavit or certification from the uncalled witness, and this alone is fatal to the defendant's claim. Brown, 767 A.2d 576.

Finally, defendant's ineffective assistance of counsel claim concerning Sid Ming must also fail for two reasons. First, Mr. Ming by his own admission in his affidavit had an open bench warrant during the time of defendant's trial and was not willing to testify on behalf of the defendant. Affidavit for Sid Ming. Second, the testimony that defendant claims would have exonerated him would have no such effect. Mr. Ming claims that he saw two shooters, neither of who were Hakim or Braheem Lewis. Id. This does not refer to the defendant, and testifying that Hakim and Braheem Lewis were not present does not reveal anything about the defendant, Ricky Mallory. Id. As such, the absence of Sid Ming's testimony could not have prejudiced the defendant at trial.

14

**vii:    Defendant's appellate counsel was not ineffective for failure to raise Brady violation.**

Defendant argues that the prosecution committed a Brady violation by failing to disclose information concerning Dante Hunter, a witness for the Commonwealth. Specifically defendant argues that the lack of written documents outlining the plea agreement with Mr. Hunter constitutes a Brady violation. N.T. 10/24/14, 27:9-12.

The Supreme Court of the United States held in Brady v. Maryland that any suppression of evidence by the state that would be favorable to an accused upon request violates the defendant's due process rights, when the evidence is material to either the defendant's guilt or sentencing. Brady v. Maryland, 373 U.S. 83, 87 (1963).

The defendant's claim however is completely unpersuasive. The defendant argues that the prosecution suppressed information in relationship to Dante Hunter's criminal record and agreement with the authorities to testify in exchange for leniency. Amended Petition, at ¶ 32. Mr. Hunter, however, addressed all the information that the defendant claims the state suppressed verbally during cross-examination. N.T. 9/15/98, 68-75, 84-88, 96-97. Further, the prosecution addressed this concern during pre-trial motions during the defendant's initial trial in 1998. Transcript 503, 09/14/1998, at 11-16. Because the underlying claim of a Brady violation is unpersuasive, appellate counsel reasonably refrained from raising the Brady claim.

**viii:    Defendant's appellate counsel was not ineffective for failure to argue that the trial court should have granted a mistrial for denial of an impartial trial.**

A mistrial is an extreme remedy that is required only where the challenged event deprived the accused of a fair and impartial trial. Commonwealth v. Travaglia, 28 A.3d 868, 879

15

(Pa. 2011) citing, Commonwealth v. Laird, 988 A.2d 618 (Pa. 2010). Much like the other claims of ineffective counsel made by the defendant, this must also fail because the underlying claim is unpersuasive.

Given that the other claims put forward by the defendant must fail, it would be inappropriate to say that this court denied the defendant a fair or impartial trial. Further, a defendant may not rely on several failed claims and use the alleged cumulative effect of those claims to evidence denial of a fair or impartial trial. Commonwealth v. Busanet, 817 A.2d 1060, 1076 (Pa. 2003) (the court rejects the idea that the cumulative effect of failed ineffective counsel claims created grounds for relief). Defendant has failed to show there was a denial of an impartial trial through any other means than alleging a plethora of failed claims. In light of the foregoing, granting a mistrial would have certainly been inappropriate, and appellate counsel reasonably refrained from moving for a mistrial based on the cumulative effect of failed claims.

**C.** **This Court did not err in declining to hold an evidentiary trial to determine if the Commonwealth Committed a Brady Violation.**

Defendant's final argument is that this Court inappropriately denied an evidentiary hearing concerning the alleged Brady violation by the Commonwealth.

The defendant does not have an absolute right to an evidentiary hearing. Commonwealth v. Granbery, 644 A.2d 204 (Pa. Super. Ct. 1994). Only when there is a substantive question concerning the merits of a collateral claim should this Court grant an evidentiary hearing. Commonwealth v. Stanley, 632 A.2d 671, 672 (Pa. 1993). Further, general allegations of error are not sufficient to require this Court to hold an evidentiary hearing. Commonwealth v. Bazabe, 590 A.2d 1298, 1302 (Pa. Super. Ct. 1991).

16

The defendant does not present a substantive question concerning the Brady violation, and thus the trial court appropriately refused to grant an evidentiary hearing. Rather the defendant makes the vague claim that files, which the Commonwealth did not have, contained some sort of exculpatory evidence about Dante Hunter. Amended Petition, at ¶ 32. This Court addressed the evidence that the defendant is basing his Brady claim on in pretrial motions. Transcript 503, 09/14/1998, at 11-16. The prosecution discussed what information it had and agreed to turn over all documents it had in regard to Dante Hunter, his crimes, and his testimony about the defendant. Id. Further, Dante Hunter testified at trial concerning his charges and his agreement to cooperate with the government in exchange for lesser sentencing recommendations. N.T. 9/15/98, at 68-71. The defendant's Brady claim is the exact general allegation that Bazabe holds does not trigger an evidentiary hearing. Bazabe, 590 A.2d 1298 at 1302. Thus, this Court appropriately refused to grant an evidentiary hearing for the defendant's Brady violation claim.

## CONCLUSION

Based on the above reasons, the judgment of this Court must not be disturbed.

BY THE COURT:

MEANS, J.

17