590 A.2d 1298

**COMMONWEALTH of Pennsylvania**

v.

**Carlos BAZABE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 1991.

Filed May 15, 1991.

Petition for Allowance of Appeal Denied
Sept. 30, 1991.

Francis M. Socha, Harrisburg, for appellant.

Deborah E. Curcillo, Asst. Dist. Atty., Harrisburg, for Com. appellee.

Before TAMILIA, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

Carlos Bazabe appeals from the denial without a hearing of his petition under the Post Conviction Relief Act by the Honorable Clarence C. Morrison on July 18, 1990. In 1987, a jury convicted Bazabe of two counts of unlawful delivery of a controlled substance (cocaine). Judge Morrison sentenced Bazabe to consecutive terms of four to eight years' imprisonment. On direct appeal to this Court, we affirmed the judgment of sentence. *Commonwealth v. Bazabe*, 382

Pa.Super. 638, 549 A.2d 1336 (1988) (mem., table). The Supreme Court denied a petition for allowance of appeal on January 17, 1989. No. 240 M.D. Allocatur Dkt. 1988.

Bazabe began these P.C.R.A. proceedings by filing a *pro se* petition in 1989. Counsel was appointed in February 1990 and filed a Supplemental P.C.R.A. Petition which was denied by Opinion and Order filed July 19, 1990, prompting this appeal. Finding no merit in Bazabe's contentions, we affirm the order denying P.C.R.A. relief.

In his Supplemental Petition, Bazabe advances two issues for our consideration, both alleging ineffectiveness of trial counsel: (1) the trial judge's instructions to the jury to continue deliberation, and (2) Bazabe's decision not to testify in his own behalf. A third issue, which is properly subsumed under the second issue, involves the necessity of an evidentiary hearing to consider the second issue.

Preliminarily, we reiterate the standard to be applied in gauging the caliber of counsel's performance as it has been enunciated by our supreme court:

> In reviewing a claim of ineffective assistance of counsel, we must first determine whether the issue underlying the claim is of arguable merit ... If the claim lacks merit, our inquiry ceases, as counsel will not be deemed ineffective for failing to pursue a baseless or meritless issue ... If, however, the claim has merit, we must then determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests ... Finally, appellant must show that counsel's ineffectiveness so prejudiced his case that he was denied a fair trial.

*Commonwealth v. Rollins*, 525 Pa. 335, 344, 580 A.2d 744, 748 (1990) (citations omitted).

Bazabe contends that the court improperly exerted pressure on the jury to reach a verdict. We find no merit in this contention whatsoever. The jury began deliberations at 12:25 P.M. on Tuesday, April 7, 1987 (the second day of trial) and returned to the courtroom with a question at 3:50

P.M. From the Transcript of Proceedings, Monday, April 6, 1987 et seq., the following includes the entire instruction under attack:

THE COURT: The jury has sent a question that they'd like to hear the definition of reasonable doubt. We will, of course, give you that, but will the foreman please rise. Does it appear, sir, that the jury is close to reaching a verdict in the matters in this case?

THE FOREMAN: No, Your Honor, it does not.

THE COURT: All right. Thank you, sir. You may be seated.

Before we give you a definition of what a reasonable doubt is we want to indicate to you, ladies and gentlemen of the jury, that, of course, it is quite an expense incurred in the bringing and the trying of these cases, and for that reason we are not very anxious to allow these matters to be disposed of without reaching some kind of verdict if it is at all possible. What we are talking about is in most cases having another panel, jury group empaneled and go through the same process, and, of course, we are not very anxious to be wasteful with assets if it is at all possible to avoid an unnecessary expense.

I say that to indicate to you, ladies and gentlemen of the jury, that it is a serious obligation that you have to try to arrive at some sort of conclusion in these matters because of the expense to the parties as well as to the Commonwealth to impanel a group and sit through a day and a half or two days of testimony and not have that matter resolved in one way or the other and face the possibility of having another panel sit and listen to what you have listened to and then try to resolve the problem. For that reason *we usually try to encourage the panel to make a serious effort to try to resolve the problem.*

We said to you that it is an individual judgment that each juror must face, and we also said that you have an obligation to consider the points of view of your fellow jurors, but *you are not required to relinquish your position if you think you are right in whatever results*

*you in your own mind have reached.* But there are 12 of you, and if we didn't anticipate that you would consider and deliberate together, of course, we would have one person make up their mind and not have the other 11 involved. The purpose is to have the benefits of the collective thinking of all of you in a reasonable process to try to resolve the problem if you can resolve the problem together.

We are going to define, give you the definition that you asked for, but we have, I discussed it with counsel, and *rather than to face the prospects of the jury not being able to reach a conclusion, we think what we will do is excuse you for today and tomorrow morning we will ask you to come back and maybe a good night's rest will help clear the cobwebs in your mind and make it a little easier to deal and come to grips with the issue that you have in front of you.* It is an expense on the taxpayers of the county to go through the process, and we would like to spare them that expense of having to do the same thing twice if we can. *If you can't reach a verdict, then you can't reach a verdict and we have to deal with that as best we can, but we are going to ask this panel to try again tomorrow morning and see whether or not they can arrive at some results in this case.*

Now, we are going to dismiss you and we are going to ask you to follow some very simple and routine instructions.

. . . .

We are going to excuse you, as I say, because we think that maybe a night's rest will put you in a better posture to reason on what you heard. But we ask you to adhere to the instructions we gave you about not talking about the case with anyone else and not reading the newspaper and not listening to TV *and tomorrow morning when we reconvene you can discuss the case among yourselves*

*and see whether or not you can provide a verdict in the case with respect to the 5 charges.*

With those instructions the jury is excused and we will see you at 9 o'clock tomorrow morning.

(Whereupon, Court adjourned for the day at 4 o'clock p.m.)

Transcript of Proceedings, *id.*, pages 160–62, 165. (emphasis added).

We agree with the Commonwealth that the case law in Pennsylvania quite clearly resolves this issue. In *Commonwealth v. Gartner*, 475 Pa. 512, 381 A.2d 114 (1977), our supreme court reviewed a circumstance where the jury had been deliberating from 2:55 P.M. to 12:20 A.M., with a brief interlude at 5:15 P.M. to receive additional instructions. The trial court recalled the jury at 12:20 A.M., advised them of makeshift sleeping arrangements that could be available within the courthouse, requested the jury to continue deliberations, but gave them a rest option. The jury returned to deliberations at 12:30 A.M. and reached a verdict at 2:55 A.M. the same morning.

In refusing to find any abuse by the trial court, our supreme court said:

The court could properly draw the juror's attention to their duty to "consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment." ... In this context, it was not reversible error to refer briefly to the inconvenience of a retrial which would be necessitated by failure to obtain a verdict.

... The court offered the jurors the opportunity to suspend their deliberations in order to rest for the night, but they apparently preferred to attempt a speedy resolution of the case.

We conclude that this situation falls within the rule that " '[t]he length of the deliberation of a jury is wisely left to the sound discretion of the trial Judge, and we reverse only if we find ... abuse of discretion, or that the verdict was the product of coercion or an overworked and

fatigued jury.' " [citing cases]. We cannot make such a finding here.

475 Pa. at 531, 381 A.2d at 123–24. (citations omitted). In *Gartner*, our supreme court approved a charge given following nine hours and twenty-five minutes of deliberation, where deliberations were thereafter resumed at 12:30 in the morning. In the case now before us, Judge Morrison rendered the instructions set forth above after only three hours and twenty-five minutes of deliberation, immediately following which the jurors were released for the evening, prior to 4:00 P.M., to return to their homes for the evening.

We are unable to find any coercion or abuse of discretion, and there is absolutely no suggestion that the verdict in this case was rendered by an overworked or fatigued jury. Finding no merit in the alleged claim, we need not proceed further with the ineffectiveness analysis. *Commonwealth v. Cook*, 383 Pa.Super. 615, 557 A.2d 421, 425 (1989).

We find the second claim, relating to Bazabe's decision not to testify in his own behalf to be equally without merit. The decision whether to testify in one's own behalf is ultimately to be made by the accused after full consultation with counsel. *Commonwealth v. Rawles*, 501 Pa. 514, 523 n. 3, 462 A.2d 619, 624 n. 3 (1983); *Commonwealth v. Fowler*, 362 Pa.Super. 81, 87, 523 A.2d 784, 787 (1987). In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand", Bazabe must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf. *Fowler, supra*, 362 Pa.Superior Ct. at 87, 523 A.2d at 787; *Cf. Commonwealth v. Martin*, 346 Pa.Super. 129, 142, 499 A.2d 344, 351 (1985).

The entire allegation regarding counsel's alleged ineffectiveness surrounding Bazabe's decision not to testify is found in Paragraph 12 of the Supplemental Petition Under the Post Conviction Relief Act, filed February 6, 1990. That paragraph states:

12. Petitioner contends that trial counsel was ineffective for failing to call the Petitioner to the stand so as to allow the Petitioner to present his own personal account of the events which led to the instant charges. Specifically, the Petitioner contends that trial counsel was ineffective for interfering with the Petitioner's freedom to testify, and/or giving specific advice so unreasonable as to vitiate a knowing and intelligent decision by the Petitioner not to testify on his own behalf. Petitioner was prejudiced by such ineffectiveness in that the Petitioner was denied the opportunity to present evidence of his unawareness and noninvolvement in the alleged drug transactions taking place.

While this paragraph does contain a verbatim statement of the applicable *law* as set forth in the *Fowler* case, it is totally devoid of any allegations of specific statements of trial counsel which might have misled Bazabe. Where the issue is whether an evidentiary hearing must be held, it is settled law that mere boilerplate allegations will not suffice to require a hearing. *Commonwealth v. Silo*, 509 Pa. 406, 411, 502 A.2d 173, 176 (1985); *Commonwealth v. Floyd*, 506 Pa. 85, 91–92, 484 A.2d 365, 368 (1984); *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981).

The paragraph upon which Bazabe would be forced to rely in seeking an evidentiary hearing on counsel's ineffectiveness does not:

set forth an offer to prove at an appropriate hearing sufficient facts upon which an appellate court can conclude that trial counsel may have, in fact, been ineffective. This Court [our Supreme Court] will no longer consider claims of ineffective assistance of counsel in the abstract.

*Commonwealth v. Pettus, supra,* 492 Pa. at 563, 424 A.2d at 1335.

As in *Silo, Floyd*, and *Pettus, supra,* this court will not conclude, without more specificity, that any factual averments have been set forth that would either support an inference of ineffectiveness or justify an evidentiary hear-

ing on the point. Were we to consider the assertions contained in the Brief for Appellant, at pages 12–13, we would first note that Bazabe's reference to pages 20–21 in the Transcript of Proceedings, April 6, 1987, refers to a sidebar conference out of the hearing of the jury, following the Chief Deputy District Attorney's opening to the jury. It is not at all clear, from that reference, that any evidence regarding prior arrests of Bazabe was thereafter admitted as part of the Commonwealth's case-in-chief, as suggested in the Brief.

More to the point, however, our job on appeal is to determine whether the trial court committed an abuse of discretion in denying the petition for P.C.R.A. relief without a hearing. In that analysis, we must limit ourselves to inspecting the same pleadings and documents upon which the trial court decision was made. The trial court was limited to the contents of the Supplemental Petition under the P.C.R.A. in reaching its determination. As we conclude above, we find no error in the decision that Paragraph 12 does not set forth sufficient facts to raise an issue on the merits.

Where insufficient facts have been alleged in the petition for relief, denial without a hearing is proper. If it is clear that the allegation of ineffectiveness of counsel lacks arguable merit, then an evidentiary hearing is unwarranted and the unfounded allegation will be rejected. *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984); *Commonwealth v. Shablin*, 362 Pa.Super. 289, 292, 524 A.2d 511, 512 (1987). Here, we are unable to find merit in either of Bazabe's ineffectiveness claims. We accordingly attribute no error to the trial court's denial of the petition without a hearing.

Order denying P.C.R.A. relief is AFFIRMED. Jurisdiction relinquished.