J-S45016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCELINO SANTIAGO | |
| Appellant | No. 564 EDA 2013 |

Appeal from the PCRA Order of January 14, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0006429-2011

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                     **FILED AUGUST 20, 2014**

Marcelino Santiago ("Santiago") appeals the January 14, 2013 order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

The PCRA court aptly set forth the facts and procedural history of this case as follows:

> On April 5, 2011[,] at around 3:20 a.m., Philadelphia Police Officer Ken Fazio, along with his partner Officer Rabinovitch, went to the parking lot of the "Quick Stop" store located in the of [sic] 3000 Kensington Avenue, in Philadelphia, Pennsylvania. [Notes of Testimony, "N.T."] 2/15/2012, at 9.  There, Officer Fazio observed a black male lying on the ground with the [appellant], Marcelino Santiago on top of him.  N.T. 2/15/2012, at 10.  [Santiago] was holding this black male, Paris Riley, down with one hand and repeatedly thrusting a knife he held in his other hand toward Mr. Riley's abdomen, while yelling, "Give me

---

[*]    Former Justice specially assigned to the Superior Court.

your money or I'll kill you.["] N.T. 2/15/2012, at 9-10. At this time, Officers Fazio and Rabinovitch exited their vehicle and ordered [Santiago] to drop his knife. N.T. 2/15/2012, at 11. [Santiago] then looked in the direction of the [o]fficers and started to walk in the opposite direction. *Id.* The [o]fficers eventually forced [Santiago] to the ground and found the knife underneath [Santiago]. *Id.* Officer Fazio testified that the knife was about nine inches in length with a four[-]inch blade. *Id.* Officer Fazio also recovered Mr. Riley's cell phone and some paperwork related to Mr. Riley's cell phone off of [Santiago's] person. N.T. 2/15/2012, at 13. Mr. Riley suffered a cut to his finger but refused medical treatment. N.T. 2/15/2012, at 12. [Santiago] was arrested and charged with aggravated assault,[1] robbery,[2] theft by unlawful taking,[3] receiving stolen property,[4] possession of an instrument of crime,[5] simple assault,[6] and recklessly endangering another person.[7]

PCRA Court Opinion, 11/15/2013, ("P.C.O.") at 1-2 (citations modified).

On February 15, 2012, Santiago waived his right to a jury trial after an on-the-record colloquy with the trial court. N.T., 2/15/2012, at 3-7. After a brief bench trial, the trial court found Santiago guilty of all the charges filed against him. N.T., 2/15/2012, at 25. On July 10, 2012, the trial court sentenced Santiago to eighteen to thirty-six months' incarceration on his

_____

[1] 18 Pa.C.S. § 2702(a).

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] 18 Pa.C.S. § 3921(a).

[4] 18 Pa.C.S. § 3925(a).

[5] 18 Pa.C.S. § 907(a).

[6] 18 Pa.C.S. § 2701(a).

[7] 18 Pa.C.S. § 2705.

aggravated assault conviction, and a concurrent eighteen to thirty-six months' sentence on his robbery conviction. N.T. 7/10/2012, at 16-18. The trial court also increased Santiago's bail to $100,000, which was conditioned upon Santiago's house arrest pending appeal. *Id.* at 19. Order of Sentence, July 10, 2012.

Santiago did not file any post-sentence motions, nor did he file a direct appeal. On August 30, 2012, Santiago filed a timely counseled PCRA petition in which he asserted that his trial counsel, Joseph Kelly, was ineffective for failing to inform Santiago of his right to testify at his own trial. PCRA Petition, 8/30/2012, at ¶7 (unpaginated). The PCRA court held a hearing on January 14, 2013, after which the court dismissed Santiago's PCRA Petition. N.T., 1/14/2013 at 5.

On January 30, 2013, Santiago filed a timely notice of appeal. On March 12, 2013, Santiago filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[8] In his Rule 1925(b) statement, Santiago alleged that the PCRA court erred when it dismissed Santiago's PCRA petition because Santiago's prior counsel failed to assert a self-defense claim and did not advise Santiago about his right to testify in court. Concise Statement, 3/12/2013, at ¶1 (unpaginated).

---

[8] It does not appear from the certified record that the PCRA court specifically ordered a 1925(b) statement.

The PCRA court issued its Pa.R.A.P. 1925(a) opinion on November 15, 2013. The PCRA court first stated that Santiago could not prove that his counsel was ineffective because it was not unreasonable for counsel to conclude that keeping Santiago off of the stand was an effective strategy. P.C.O. at 4-5. Furthermore, the PCRA court stated that Santiago could not prove ineffectiveness because the PCRA court found Santiago's version of events incredible, and because Santiago would not have been able to establish a credible self-defense claim in the face of Officer Fazio's testimony. P.C.O. at 5-6.

Santiago raises the following issue for our review.

Was trial counsel ineffective in failing to inform [Santiago] of his right to testify and allow [Santiago] to testify on his own behalf to assert a claim of self[-]defense?

Brief of Santiago at 4.

Before addressing Santiago's ineffective counsel claim, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or

sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." . . . [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted). We need not analyze "the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the [ineffectiveness] test, the court may proceed to that element first." *Commonwealth v. Lambert*, 797 A.2d 232, 243 n.9 (Pa. 2001). Lastly, we note that the PCRA court's credibility determinations, when supported by the record, are binding upon this Court. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009).

After a review of the transcript of Santiago's original trial, we conclude that Santiago has not met his burden of demonstrating that Attorney Kelly was ineffective as his counsel. Santiago presently argues that Attorney Kelly never informed Santiago of his right to testify, and that if he had, Santiago

would have raised a self-defense claim. In considering an ineffectiveness claim based upon the decision to testify, our Supreme Court has stated:

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. **Commonwealth v. Uderra**, 706 A.2d 334 (1998); **Commonwealth v. Bazabe**, 590 A.2d 1298 (Pa. Super. 1991); **Commonwealth v. Fowler**, 523 A.2d 784 (Pa. Super. 1987). In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf. **Id**.

**Commonwealth v. Nieves**, 746 A.2d 1102, 1104 (Pa. 2000) (citations modified). At Santiago's PCRA hearing, counsel called neither Santiago nor Attorney Kelly to establish that the two did not discuss Santiago's right to testify. At the hearing, Santiago's counsel stated that he had no argument other than what he had written in the motion for post-conviction relief. N.T. 1/14/2013, at 4.

However, even if Santiago were to prove that Attorney Kelly never discussed Santiago's right to testify and that counsel had no reasonable basis for not doing so, Santiago is not entitled to relief because we discover no actual PCRA prejudice that befell Santiago in the event that he could establish the first two prongs of the ineffective assistance of counsel test. As previously noted, Santiago waived his right to a jury and appeared before Judge Sean F. Kennedy for a bench trial. N.T., 2/15/2012, at 3-7. Judge Kennedy heard and credited the Commonwealth's witness Officer Fazio and

his account of the facts. Although Santiago claimed that he would attempt to establish a self-defense narrative if called to the stand, Judge Kennedy stated in his opinion that he would not have credited this sequence of events. Judge Kennedy pointed to the fact that he found Officer Fazio credible, in addition to noting that he thought Santiago's version of events was inconsistent. P.C.O. at 6. Furthermore, Judge Kennedy noted independent evidence that would tend to implicate Santiago, such as cuts on the victim's hand, and the fact that the victim's cell phone was found on Santiago's person. *Id.* Because Judge Kennedy would not have credited Santiago's testimony, even if he came to the stand, we find that Santiago suffered no prejudice. Because Santiago cannot satisfy this element of the ineffective assistance of counsel claim, his petition fails. *Lambert*, 797 A.2d at 243 n.9 (Pa. 2001).

Order affirmed.

Fitzgerald, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014