J-S14014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYRONE ABDULL A. HAYNES :
:
Appellant : No. 2114 EDA 2017
:

Appeal from the PCRA Order June 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007239-2011

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                                **FILED MAY 31, 2018**

Tyrone Abdull A. Haynes appeals from the order entered June 20, 2017,

in the Philadelphia County Court of Common Pleas, denying his first petition

filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Haynes seeks relief

from the judgment of sentence of an aggregate term of 13 to 26 years'

imprisonment, imposed on December 7, 2012, following his jury conviction of,

*inter alia*, rape and aggravated assault.[2]  On appeal, Haynes argues the PCRA

court erred when it dismissed his petition without first conducting an

_____

* Retired Senior Judge assigned to the Superior Court.

[1] *See* 42 Pa.C.S. §§ 9541-9564.

[2] *See* 18 Pa.C.S. §§ 3121 and 2702, respectively.

evidentiary hearing on his claim asserting trial counsel's ineffectiveness. For the reasons below, we affirm.

The facts underlying Haynes's arrest and conviction are aptly summarized in the prior decision of this Court affirming Haynes's judgment of sentence on direct appeal. *See Commonwealth v. Haynes*, 104 A.3d 44 [3520 EDA 2012] (Pa. Super. 2014) (unpublished memorandum). Therefore, we need not reiterate them in detail herein. In summary, during the early morning hours of January 25, 2010, Haynes knocked on the door of a neighbor who lived in his apartment complex to see if she wanted to "party" with him. *Id.* (unpublished memorandum at *1). Although she declined, Haynes forced his way into the apartment and hit her with a towel bar. *See id.* The victim then slipped "in and out of consciousness" as Haynes raped her. *Id.* She sustained numerous broken facial bones, as well as other injuries, in the attack, which necessitated a week-long hospital stay. Moreover, testing of sperm recovered from her vaginal and rectal area matched Haynes's DNA. *See id.* at *2.

A jury convicted Haynes of several counts of rape and aggravated assault, but found him not guilty of burglary and criminal trespass.[3] As noted above, on December 7, 2012, he was sentenced to an aggregate term of 13 to 26 years' imprisonment. His judgment of sentence was affirmed on direct

---

[3] *See* 18 Pa.C.S. §§ 3502 and 3503, respectively.

appeal, and the Pennsylvania Supreme Court denied his petition for allowance

of appeal. ***See Haynes***, ***supra***, *appeal denied*, 104 A.3d 524 (Pa. 2014).

On March 11, 2015, Haynes filed a timely, *pro se* PCRA petition, followed

by an amended petition on September 11, 2015.  Counsel was appointed on

January 27, 2016, and filed an amended petition on March 1, 2016.

Thereafter, on May 12, 2017, the PCRA court issued Haynes notice of its intent

to dismiss the petition without first conducting an evidentiary hearing

pursuant to Pa.R.Crim.P. 907.  Receiving no response,[4] the court dismissed

Haynes's petition on June 20, 2017.  This timely appeal followed.[5, 6]

The sole issue Haynes raises on appeal asserts the PCRA court erred in

dismissing his petition without first conducting an evidentiary hearing on his

claim that trial counsel provided ineffective assistance when he advised

---

[4] Although the PCRA court indicates in its opinion that Haynes responded to
the Rule 907 notice on May 30, 2017, no such response is included in the
certified record or noted on the docket.

[5] We note the PCRA court entered another order denying relief on July 3, 2017,
after Haynes had filed his notice of appeal.  In its opinion, the PCRA court
explains that it had "orally dismissed the petition on the record on June 20,
2017 but did not issue its written order until July 3, 2017."  PCRA Court
Opinion, 8/31/2017, at 2 n.4.  Nevertheless, we find Haynes's appeal was
timely filed.  Pursuant to Pa.R.A.P. 905(a)(5), "[a] notice of appeal filed after
the announcement of a determination but before the entry of an appealable
order shall be treated as filed after such entry and on the day thereof."

[6] On July 12, 2017, the PCRA court ordered Haynes to file a concise statement
of errors complained of on appeal.  Haynes complied with the court's directive,
and filed a concise statement on July 24, 2017.

Haynes to waive his right to testify on his own behalf. Haynes contends that without his testimony, "which established his innocence, the only plausible and reasonable explanation of what happened was that [he] assaulted and raped the complainant." Haynes's Brief at 6. He further claims counsel's advice "informing [him] not to testify at trial [] was unreasonable and vitiated his constitutional right to testify at his trial." *Id.* at 7. Haynes insists he is not required to prove he is entitled to relief before the court conducts a hearing. *See id.* Rather, he "must only raise a material issue of fact that would entitle him to relief if born out in an evidentiary hearing." *Id.* Because he did so, Haynes insists the PCRA court erred in failing to conduct a hearing.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." *Commonwealth v. duPont*, 860 A.2d 525, 530 (Pa. Super. 2004) (citation omitted), *appeal denied*, 889 A.2d 87 (Pa. 2005), *cert. denied*, 547 U.S. 1129 (2006).

In order to obtain relief based upon an allegation of the ineffective assistance of counsel, a PCRA petitioner must demonstrate: "(1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her

action or inaction; and (3) counsel's ineffectiveness prejudiced him." *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). Furthermore, when considering a claim focused upon the petitioner's waiver of his right to testify at trial, we must bear in mind:

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. *Commonwealth v. Uderra*, 550 Pa. 389, 706 A.2d 334 (1998); *Commonwealth v. Bazabe*, 404 Pa.Super. 408, 590 A.2d 1298, *alloc. denied*, 528 Pa. 635, 598 A.2d 992 (1991); *Commonwealth v. Fowler*, 362 Pa.Super. 81, 523 A.2d 784, *alloc. denied*, 517 Pa. 598, 535 A.2d 1056 (1987). In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that **counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf**. *Id.*

*Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000) (emphasis supplied).

Here, the sole basis for Haynes's claim was set forth as follows in his counseled, amended PCRA petition:

> [Haynes's] defense counsel was ineffective at trial because counsel did not call [Haynes] as a witness in his own behalf at trial. The advice that counsel gave to [him] as to why he should not testify was so unreasonable that it vitiated [Haynes's] knowing and intelligent decision not to testify on his own behalf. [Haynes's] statement as to what he would have testified to is [set forth in his] *pro se* PCRA petition[.] This statement provides a complete defense to the offenses of which [Haynes] was convicted. [Haynes] is entitled to a new trial because of trial defense counsel's ineffectiveness [.]

Amended Petition Under Post-Conviction Relief Act, 3/1/2016, at ¶ 4a.

Notably absent from the claim set forth above, and in Haynes's brief on appeal, is any details regarding the "unreasonable" advice counsel purportedly provided to Haynes. It is for this reason the PCRA court dismissed Haynes's petition without first conducting a hearing.

First, the court cited to the on-the-record colloquy, during which Haynes "made a knowing and intelligent waiver of his right to testify." PCRA Court Opinion, 8/31/2017, at 3, *citing* N.T., 8/23/2012, at 58-60. Second, the PCRA court highlighted the fact that Haynes "failed to allege and offer to prove [] what advice counsel gave him and how it was unreasonable." *Id.* The court summarized: "This bald allegation of ineffectiveness did not entitle [Haynes] to an evidentiary hearing on his claim." *Id.* We agree.

While Haynes correctly states a petitioner need not **prove** his entitlement to relief in order to obtain an evidentiary hearing, he acknowledges that he must, nonetheless, "raise a material issue of fact that would entitle him to relief if born out in an evidentiary hearing." Haynes's Brief at 7. His bald claim that counsel provided unreasonable advice is simply insufficient. This Court's ruling in **Commonwealth v. Bazabe**, 590 A.2d 1298 (Pa. Super 1991), *appeal denied*, 598 A.2d 992 (Pa. 1991), is equally applicable here:

> While this [claim, as set forth in the PCRA petition,] does contain a verbatim statement of the applicable *law* [], it is totally devoid of any allegations of specific statements of trial counsel which might have misled [the petitioner]. Where the issue is whether

an evidentiary hearing must be held, it is settled law that mere boilerplate allegations will not suffice to require a hearing.

***Id.*** at 1302.

Accordingly, we affirm the order of the PCRA court denying relief.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/18

---

[7] It merits mention the facts of this case do not present a classic "he said/she said" claim of a potentially consensual sexual encounter. Rather, the victim herein, suffered multiple, significant injuries to her face that left her in the hospital for a week. ***See Haynes***, ***supra***, 104 A.3d 44 [3520 EDA 2012] (unpublished memorandum at *2).