J-A23028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :
                v.                            :
                                          :
JAMES JOHNSON                       :
                                          :
             Appellant               :      No. 2739 EDA 2019

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003956-2015

BEFORE:    KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED: DECEMBER 31, 2020**

Appellant James Johnson appeals from the order denying his timely first petition filed under the Post Conviction Relief Act[1] (PCRA). Appellant argues that the PCRA court erred in rejecting his claim that trial counsel was ineffective for advising him not to testify at trial. Following our review of the record, we affirm on the basis of the PCRA court's opinion.

We adopt the PCRA court's summary of the facts underlying this matter. *See* PCRA Ct. Op., 12/20/19, at 1-4. Briefly, Appellant was charged with robbery, conspiracy, simple assault, and related offenses after an incident involving Appellant, Appellant's co-defendant, and the estranged husband of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant's best friend. The matter proceeded to a non-jury trial, at which the Commonwealth presented video footage of the incident. Ultimately, Appellant was convicted and sentenced to an aggregate term of three to six years' incarceration followed by two years' probation.[2]

Appellant subsequently filed a timely PCRA petition in which he argued that trial counsel was ineffective for failing to advise Appellant of his right to testify. PCRA Pet., 11/2/18, at ¶¶ 23-58. Following an evidentiary hearing, the PCRA court denied relief.

Appellant subsequently filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, but issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for review:

> Did the PCRA court err by determining that trial counsel provided effective assistance where he did not review crucial video evidence with Appellant prior to trial, and denied him the ability to make a knowing and voluntary determination of whether to testify in his own defense?

Appellant's Brief at 6.

---

[2] Appellant filed a post-sentence motion seeking reconsideration of his sentence. At the hearing on Appellant's motion, the trial court resentenced Appellant to a term of four to eight years' incarceration, explaining that Appellant's conduct merited an increased sentence. On direct appeal, this Court affirmed Appellant's convictions, but concluded that the trial court erred by increasing Appellant's sentence *sua sponte*. **See Commonwealth v. Johnson**, 601 EDA 2016 at 5-6 (Pa. Super. filed July 18, 2017) (unpublished mem.). Therefore, we remanded the matter for resentencing. **Id.** at 6. On October 4, 2017, the trial court resentenced Appellant to the original aggregate term of three to six years' incarceration followed by two years' probation. **See** Order, 10/4/17.

Following our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op. at 1-8. Specifically, we note that the PCRA court credited trial counsel's testimony that he "meticulously discussed" the Commonwealth's video evidence with Appellant, but ultimately advised him not to testify based on his *crimen falsi* convictions. **See id.** at 7. Therefore, we agree with the PCRA court that Appellant failed to establish that trial counsel interfered with Appellant's right to testify or gave unreasonable advice that vitiated his decision of whether to testify on his own behalf.[3] **See id.** Accordingly, we affirm.

_____

[3] We note that the PCRA court cited this Court's decision **Commonwealth v. Walker**, 110 A.3d 1000 (Pa. Super. 2015), which held that "the appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness." **See Walker**, 110 A.3d at 1005 (emphasis omitted); PCRA Ct. Op. at 7. Applying **Walker**, the PCRA court then concluded that Appellant "knew he had a right to testify, and if after seeing the video [at trial], he believed he should testify, he certainly could have told his counsel or the [trial c]ourt that he wished to do so." PCRA Ct. Op. at 7-8. However, the PCRA court further determined that, based on Appellant's testimony at the PCRA evidentiary hearing, his testimony would not have changed the outcome of the trial. **Id.** at 8.

Because we agree with the PCRA court's conclusion that Appellant failed to establish that trial counsel had reasonable basis for advising Appellant not to testify, we need not review, nor do we adopt, the PCRA court's conclusion regarding prejudice. **See Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009) (stating that the "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim"); **see also Walker**, 110 A.3d at 1005; **see also Commonwealth v. Towles**, 208 A.3d 988 (Pa. 2019) (acknowledging this Court's decision in **Walker**, but declining to consider

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/20

---

whether that was the appropriate standard, in part because the issue was not appropriately briefed).

IN THE COURT OF COMMON PLEAS
FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

| COMMONWEALTH | : | CP-51-CR-0003956-2015 |
| v. | : | |
| JAMES JOHNSON | : | |

## MEMORANDUM OPINION

*CAMPBELL, J.*                                                    December    19    , 2019

### Procedural History

On September 16, 2015, Appellant James Johnson proceeded to trial before this Court, sitting without a jury. Appellant was convicted of robbery as a felony of the second degree (18 Pa. C.S. § 3701(a)(1)(iv)), conspiracy to commit robbery as a felony of the second degree (18 Pa. C.S. § 902(C)), theft (18 Pa. C.S. § 3921(A)), receiving stolen property (18 Pa. C.S. § 3925(A)), simple assault (18 Pa. C.S. § 2701(a)), and terroristic threats (18 Pa. C.S. § 2706(A)(1).

On November 12, 2015, Appellant was sentenced to 3-6 years incarceration on the robbery conviction, and a concurrent term of 3-6 years incarceration on the conspiracy conviction. Appellant was sentenced to two years probation each on the theft, receiving stolen property and terroristic threats convictions, with said probations to run concurrent to each other, but consecutive to the sentences of incarceration on the robbery and conspiracy. The simple assault conviction merged for the purposes of sentencing.

On November 19, 2015, a timely Motion for Reconsideration of Sentence was filed by Appellant.

On January 6, 2016, the Court granted the motion for reconsideration. Appellant was

1

resentenced and a new sentence of 4-8 years incarceration was imposed on the robbery and conspiracy charges, to run concurrently, with concurrent sentences of two years probation on each of the charges of theft, receiving stolen property and terroristic threats, to run consecutive to the sentences of incarceration.

Appellant appealed and the matter was remanded for resentencing on the robbery and conspiracy convictions. On October 4, 2017, a sentence of 3-6 years was imposed on the robbery and conspiracy convictions, to run concurrently, with concurrent sentences of two years probation on each of the charges of theft, receiving stolen property and terroristic threats, to run consecutive to the sentences of incarceration.

A counseled petition under the Post-Conviction Relief Act (PCRA) was filed on November 2, 2018.

The Commonwealth filed a motion to dismiss the PCRA petition on February 19, 2019, to which Appellant filed a response on April 17, 2019.

The motion to dismiss was denied and an evidentiary hearing was held on August 9, 2019. After hearing evidence and the argument of counsel, the Court denied the PCRA petition.

A timely Notice of Appeal was filed on September 9, 2019.

**Evidence at Trial**

On March 26, 2015, Timothy Matthews (complainant) was involved in an argument in his home, where he lived with his estranged wife and her brother-in-law, Damon Cephas (co-defendant). NT 9/16/15, pp. 23-24. Matthews' wife called Appellant, who is her best friend. NT 9/16/15, p. 23. Because he feared something was about to happen, Matthews left the house and called 911. NT 9/16/15, pp. 24

2

While he was standing in the vicinity of 2907 Diamond Street, talking on his phone, two individuals ran up to Matthews. NT 9/16/15, pp. 10-12, 24. Matthews ran to the deli around the corner. NT 9/16/15, pp. 12-13, 24.

Appellant and Cephas followed Matthews into the deli, where Cephas started punching and hitting Mathews. NT 9/16/15, pp. 12, 24, 30. Matthews was dragged through the store and outside, where Cephas went into his pockets and took $40 and a cell phone. NT 9/16/15, pp. 12, 15, 24, 35. Matthews does not know who took his hat. NT 9/16/15, pp. 15, 31, 34. The Appellant and Cephas told Matthews that they were going to kill him because he called the cops. NT 9/16/15, pp. 25. Matthews was unable to say that Appellant assaulted and robbed him. NT 9/16/15, pp. 32, 34.

Following the incident, Matthews saw Appellant and Cephas in the custody of the police. Appellant was wearing Matthew's hat. NT 9/16/15, pp. 25-26. During these events Matthews was intoxicated. NT 9/16/15, pp. 13, 15, 29-30.

A silent video showing four angles of the events inside the deli was marked as Commonwealth exhibit C-3 and played for the Court. NT 9/16/15, pp. 37-41. The videos show: Appellant and Cephas attempting to prevent Matthews from entering the deli; Cephas assaulting Matthews, while Appellant was present; Appellant lifting Matthews by his shirt, while Cephas continued to assault him; Appellant picking up Matthews' hat; Appellant leaving the store and returning several times during the time Matthews was being assaulted by Cephas; Appellant speaking with Cephas throughout the encounter.

Officer Raul Pinto and his partner, Officer Artese, responded to a radio call of robbery in progress at the deli. When they arrived, they encountered Mr. Matthews in front of the deli, who

3

told the officers that two males had taken $40 and his cell phone. Matthews provided a description of the men and stated one of the doers lived at his address. NT 9/16/15, pp. 42-43, 45. The police drove to Matthews' home where they encountered Cephas in front of the residence. NT 9/16/15, pp. 43.

Officer Timothy Gibson and his partner also responded to a radio call for a robbery in progress at 2900 Ridge Avenue. NT 9/16/15, pp. 44. He observed Officer Pinto and his partner speaking with Matthews. NT 9/16/15, pp. 45. Matthews pointed to Appellant, who Gibson had recognized from a stop by Officers Pinto and Artese earlier that evening. NT 9/16/15, pp. 45, 49. Officer Gibson stopped Appellant, and seized from him a black Pittsburgh Steelers baseball cap identified by Matthews as his. NT 9/16/15, pp. 46.

## Evidence at the PCRA Hearing

The evidence adduced at the PCRA hearing established that trial counsel meticulously discussed the video of the incident with Appellant. NT 8/9/19, 11, 16, 26. Appellant acknowledges that trial counsel advised him that he could testify. NT 8/9/19, 49. Counsel advised Appellant not to testify because of his prior *crimen falsi* convictions – two robberies. NT 8/9/19, 16, 20, 22, 26-27, 49-50, 60. The defense argued at trial that Appellant was merely present. NT 8/9/19, 21.

In explaining the decision to advise Appellant not to testify, trial counsel testified:

> On the one hand, his explaining what his actions were in the video probably would not have been hurtful. So in a sense it would have bolstered what was already being seen in the video, but, as I said before, the video kind of spoke for itself. So my opinion, the helpfulness of that would've been outweighed by the danger of the crimen falsi coming in because as soon as he testified as a witness, under the law, the DA would have the right to bring in the prior robbery conviction, which I thought was particularly dangerous in this case because this was also a robbery charge.

4

NT 8/9/19, 22.

Appellant testified that he wrote D-1, a letter of April 25, 2015, addressed to trial counsel, wherein he stated that he knew the complainant and the co-defendant. NT 8/9/19, 31-32. Appellant testified that he and trial counsel met and discussed the video and that counsel's opinion was that Appellant should not testify. NT 8/9/19, 35. Appellant further testified that had he testified at trial, he would have testified that the complainant and the co-defendant were fighting, and his role was limited to telling them not to fight, offering to help complainant off the ground, trying to get the complainant out of the store and picking up complainant's hat, which appellant intended to return. NT 8/9/19, 36, 39-40.

The evidence also demonstrated from prior guilty pleas that Appellant knew he had a right to testify. NT 8/9/19, 45-48; C-1.

**Discussion**

The law presumes that counsel was effective, and places the burden of proving otherwise on the defendant. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To prove that counsel was ineffective, defendant must demonstrate that: 1) the underlying substantive claim has arguable merit; 2) counsel's actions lacked any reasonable basis; and 3) counsel's actions resulted in prejudice to defendant. *Id.* (citing *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)). If defendant fails to prove any prong of this test, this court must reject the ineffectiveness claim. *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014).

Although his theory morphed somewhat, Appellant essentially alleges that his counsel was ineffective in failing to effectively advise him of his right to testify. Appellant asserts that if he had been shown the video, or had it been described to him in greater detail, he would have elected

5

to testify to explain what was being shown on the video. Instead, Appellant claims he was left to rely on the advice of trial counsel, with the result that Appellant did not testify in his own defense at trial. That decision, Appellant asserts, was not knowing and intelligent, because his counsel did not provide him with all the information he needed to decide whether or not to testify. Thus, there are two questions presented: 1) Was Appellant's decision not to testify the result of counsel's ineffectiveness; and 2) Would Appellant's testimony have affected the outcome.

**1.    Appellant's decision not to testify was knowing and intelligent, and trial counsel's advice that he not testify was reasonable.**

The decision of whether or not to testify is ultimately to be made by the defendant after consultation with counsel. *Commonwealth v. Whitney*, 708 A.2d 471, 476 (Pa. 1998). To establish that counsel was ineffective for failing to call a defendant to testify, the defendant must show either: (1) that counsel interfered with his or her client's freedom to testify; or (2) that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify on his or her own behalf. *Commonwealth v. Bazabe*, 590 A.2d 1298, 1301 (Pa. Super. 1991), appeal denied, 598 A.2d 992 (Pa. 1991). A claim of strategic error absent a showing of specific incidents of counsel's impropriety is insufficient to satisfy this standard. *Commonwealth v. Preston*, 613 A.2d 603, 605 (Pa. Super. 1992), appeal denied, 625 A.2d 1192 (Pa. 1993).

This was not, as the saying goes, Appellant's first rodeo. He knew from his prior cases that he had a right to testify. Moreover, he concedes that trial counsel told him he could testify. The quibble over whether trial counsel used the word "right" is of no moment. NT 8/9/19, 48. Appellant knew he could testify. NT 8/9/19, 45-48; C-1. He elected not to do so.

Appellant asserts that the reason he did so was his reliance on the advice of counsel, without adequate explanation of, or ability to review the video. The Court credited the testimony of trial

6

counsel that he meticulously discussed the video on the incident with Appellant. NT 8/9/19, 11, 16, 26. Likewise, the advice of counsel that testifying would have resulted in the introduction of Appellant's prior robberies, was reasonable. NT 8/9/19, 16, 20, 22, 26-27, 49-50, 60. The prejudice of the *crimen falsi* convictions coming into evidence and undermining Appellant's credibility was quite real, and outweighed the testimony Appellant would have offered, as illustrated in the direct and cross-examination of Appellant at the PCRA hearing. Counsel's concerns about this evidence and his advice based upon those concerns were reasonable.

Appellant fails to establish either that (1) that trial counsel interfered with his freedom to testify; or (2) that trial counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by Appellant not to testify on his own behalf. *See Bazabe, supra.* Under all the circumstances, we concluded that Appellant's decision not to testify was knowing and intelligent. Appellant's claim that he was dissuaded from doing so because of the failure of counsel to adequately discuss the video evidence reflects his regret over the outcome, not any failure of trial counsel.

## 2. Appellant suffered no prejudice.

Even if counsel somehow interfered with Appellant's right to testify, he must establish that he was prejudiced by trial counsel's failure. *Commonwealth v. Walker*, 110 A.3d 1000, 1005 (Pa. Super. 2015) (To establish prejudice, a defendant must show that the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand).

Appellant was present at trial, where he heard the Commonwealth's case, and saw the video. At that point, he knew he had a right to testify, and if, after seeing the video, he believed

7

he should testify, he certainly could have told his counsel or the Court that he wished to do so. He did not. NT 8/9/19, 61. That decision was his to make, and he did so.

Moreover, even if Appellant had testified as he did at the PCRA evidentiary hearing, that testimony would not have overcome the video and the testimony of the complainant to give rise to a reasonable doubt.

Here, the evidence at trial established that the conspiracy began when Appellant and the co-defendant joined to chase down the complainant into the deli, that Appellant directed the co-defendant in his assault on the complainant, served as lookout by repeatedly checking outside of the deli, attempted to lure the complainant outside for further assault, and took complainant's hat during the course of the assault. Additionally, Appellant stood by and provided support as the co-defendant struck and kicked the complainant, threatened him and took money and a cell phone. The direct and circumstantial evidence established that Appellant, acting in concert and conspiracy with Cephas committed the crimes of robbery as a felony of the second degree (18 Pa. C.S. § 3701(a)(1)(iv)), conspiracy to commit robbery as a felony of the second degree (18 Pa. C.S. § 902(C)), theft (18 Pa. C.S. § 3921(A)), receiving stolen property (18 Pa. C.S. § 3925(A)), simple assault (18 Pa. C.S. § 2701(a)), and terroristic threats (18 Pa. C.S. § 2706(A)(1).

Appellant's attempt to explain events and offer alternative reasons for his conduct shown in the video were not credible. Add to that the instruction the Court as fact-finder would have had to give itself regarding the *crimen falsi* convictions, it simply cannot be said that the failure to testify, even if caused by counsel, caused the withholding of evidence that would have affected the outcome of the trial. Appellant has failed to carry his burden to show that the outcome of the trial would have been more favorable had he testified.

8

## Conclusion

For the reasons set forth above, the petition under the Post-Conviction Hearing Act was properly denied.

By the Court:

_____
Campbell, J.

9