J-S80036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMONITI THOMAS | : | |
| | : | |
| Appellant | : | No. 8 EDA 2018 |

Appeal from the PCRA Order October 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010048-2008

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **Filed March 19, 2019**

Appellant Comoniti Thomas appeals from the order dismissing his timely first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that the PCRA court erred in dismissing his petition without a hearing because prior counsel were ineffective when advising him not to testify at trial and by failing to ensure he properly waived his right to direct appeal counsel.  We affirm.

The facts underlying Appellant's convictions for two counts of first-degree murder and one count each of attempted murder, robbery and possession of an instrument of crime[1] are well known to the parties and need not be summarized here.  Of relevance to this appeal, we note that on November 4, 2010, following a trial at which Appellant did not testify, a jury

---

[1] 18 Pa.C.S. §§ 2502, 901(a), 3701 (a)(1)(i), and 907(a), respectively.

found Appellant guilty of the foregoing crimes. On November 10, 2010, Appellant was sentenced to an aggregate term of life imprisonment without parole. Appellant was represented at trial and sentencing by Gary S. Server, Esq.

On November 19, 2010, Attorney Server filed a timely post-sentence motion and a motion to withdraw as counsel. On January 25, 2011, the trial court held a hearing, at which it permitted Attorney Server to withdraw. On February 28, 2011, the court appointed Elayne C. Bryn, Esq. to represent Appellant on direct appeal. On March 22, 2011, the post-sentence motion filed by Attorney Server was denied by operation of law. Appellant filed a timely notice of appeal on April 15, 2011.

On June 9, 2011, Attorney Bryn filed a petition with this Court to remand the matter for a *Grazier*[2] hearing. This Court granted Attorney Bryn's motion. Following a hearing on July 28, 2011, the trial court granted Appellant's request to proceed without counsel.

Appellant proceeded *pro se* on direct appeal and raised fourteen claims of error. On October 25, 2012, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Thomas*, 1048 EDA 2011 (Pa. Super. filed Oct. 25, 2012) (unpublished mem.). On May 14, 2013, the Supreme Court of Pennsylvania denied allowance of appeal. *Commonwealth v. Thomas*, 622 EAL 2012 (Pa. filed May 14, 2013).

_____

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant, acting *pro se*, timely filed his first PCRA petition, which the PCRA court docketed on June 5, 2013. On January 29, 2014, the court docketed Appellant's supplemental *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel, John P. Cotter, Esq. who filed an amended petition on June 9, 2016.

On August 1, 2016, Attorney Cotter filed a motion to withdraw as counsel and indicated that Appellant intended to proceed *pro se*. The PCRA court held a ***Grazier*** hearing on August 24, 2016, and Appellant withdrew his request to relieve PCRA counsel.[3]

On February 2, 2017, Attorney Cotter filed a supplemental amended PCRA petition. On July 11, 2017, the PCRA court issued a Pa.R.A.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Attorney Cotter did not file a response to the Rule 907 notice. However, on July 26, 2017, the court docketed Appellant's *pro se* response. Appellant alleged that Attorney Cotter was ineffective for failing to raise all of Appellant's requested claims and that a conflict of interest had developed during the course of representation. ***See*** Appellant's *Pro Se* Resp., 7/26/17.

On September 1, 2017, Attorney Cotter filed another motion to withdraw as counsel and to allow Appellant to proceed *pro se*. On October 19,

---

[3] The certified record includes a letter from Appellant to Attorney Cotter, in which Appellant indicated that he had "no choice but to allow [Attorney Cotter] to continue to represent" him, as Attorney Cotter had already filed a brief on his behalf. Ltr., 9/13/16. Appellant also directed Attorney Cotter to raise additional PCRA claims. ***Id.***

- 3 -

2017, the PCRA court conducted a video hearing, and Appellant once again withdrew his request to proceed *pro se.* The following day, the PCRA court entered an order dismissing Appellant's petition without a hearing.

On October 24, 2017, Appellant filed a timely notice of appeal. The PCRA court issued a Pa.R.A.P. 1925 order, and Appellant timely complied. The PCRA court issued a Rule 1925(a) opinion on February 16, 2018.

Appellant raises the following questions for review, which we have reordered as follows:

1. Did the [PCRA] court err in denying [A]ppellant an evidentiary hearing when [A]ppellant raised a material issue of fact that trial defense counsel was ineffective for vitiating [A]ppellant's [c]onstitutional right to testify in his own defense at trial?

2. Is [A]ppellant entitled to reinstatement of his right to appeal the judgment of sentence *nunc pro tunc* because his waiver of counsel on appeal from his judgment of sentence was not voluntary and was defense counsel ineffective for not objecting to trial court's allowing [Appellant] to proceed *pro se* on appeal?

Appellant's Brief at 2.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

To establish a claim of ineffective assistance of counsel, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the

truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted).

Counsel is presumed effective, and the burden is on the petitioner to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Id.** (citation omitted); **see Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009). Further, "[a] PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness." **Commonwealth v. Natividad**, 938 A.2d 310, 322-23 (Pa. 2007) (citation omitted). It is well settled that "[c]ounsel cannot be deemed ineffective for failing to pursue a meritless claim." **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*) (citation omitted).

Finally, "it is well settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence." **Commonwealth v. Garcia**, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011) (citation omitted).

In his first issue, Appellant argues that trial counsel was ineffective for advising him not to testify at trial. Appellant's Brief at 6. By way of

background, Appellant set forth the following claim in his counseled, amended

PCRA petition:

> [Appellant's] defense counsel was ineffective at trial because counsel did not call [Appellant] as a witness in his own behalf at trial. The advice that counsel gave to [Appellant] as to why he should not testify was so unreasonable that it vitiated [Appellant's] knowing and intelligent decision not to testify on his own defense. [Appellant's] testimony would have provided a complete defense to the charge and established his innocence. [Appellant] is entitled to a new trial because of trial defense counsel's ineffectiveness and [Appellant] has not waived this issue because it is the first opportunity that he has to raise it.

Supp. Amended Pet., 2/2/17, at 2 (unpaginated).

On appeal, Appellant reiterates that trial counsel's advice was "so unreasonable that it vitiated [Appellant's] knowing and intelligent decision not to testify [on] his own behalf. . ." Appellant's Brief at 6. Appellant contends that "there was no reasonable basis for trial counsel to advise [Appellant] not to testify in his own defense" and "in light of the evidence presented at trial[, only Appellant's] testimony could have established his innocence." *Id.* Appellant also asserts that his claim raises a material issue of fact, and therefore the matter should be remanded for an evidentiary hearing. *Id.*

> It is well settled that

> [t]he decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000) (citations omitted).

Instantly, Appellant failed to allege what specific advice counsel gave him or how that advice was unreasonable. Appellant's bald claim that counsel provided unreasonable advice was insufficient to warrant an evidentiary hearing. Similarly, Appellant's cursory arguments on appeal reveal no error or abuse of discretion by the PCRA court. *See Commonwealth v. Bazabe*, 590 A.2d 1298, 1302 (Pa. Super. 1991) (stating that although the petitioner's PCRA claim set forth a "verbatim statement of the applicable law," it was "totally devoid of any allegations of specific statements of trial counsel which might have misled [the appellant]" and concluding that "mere boilerplate allegations will not suffice to require a hearing" (emphasis omitted)); *accord Commonwealth v. Thomas*, 783 A.2d 328, 334-35 (Pa. Super. 2001). Accordingly, we find no abuse of discretion in the PCRA court's dismissal of Appellant's claim. *See Bazabe*, 590 A.2d at 1302.

In his second issue, Appellant argues that his waiver of direct appeal counsel was not knowing, intelligent, or voluntary. Appellant's Brief at 7. He claims that the trial court failed to question Appellant about "his mental health, his use of alcohol, drugs[,] or other medications[,] and whether anyone promised him anything or threatened him. . ." *Id.* Appellant asserts that because he indicated at the *Grazier* hearing that he was waiving his right to counsel "under duress," it was necessary for the court to ensure that his waiver was voluntary. *Id.* at 7-8. Appellant concludes that the waiver

colloquy was deficient, and alleges that he is entitled to reinstatement of his direct appeal rights *nunc pro tunc*. *Id.* at 8. Appellant also claims that direct appeal counsel was ineffective for failing to challenge the court's defective colloquy and decision to grant Appellant's motion to represent himself. *Id.*

"When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Grazier*, 713 A.2d at 82 (citations omitted). Specifically, the waiver of counsel colloquy must demonstrate that the defendant understood "(1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." *Commonwealth v. Meehan*, 628 A.2d 1151, 1157 (Pa. Super. 1993) (citation omitted); *see also Commonwealth v. Powell*, 787 A.2d 1017, 1020 (Pa. Super. 2001).

Additionally, "when a petitioner claims ineffective assistance of counsel based on a failure to object to an allegedly defective waiver colloquy, the claim must be analyzed like any other ineffectiveness claim." *Commonwealth v. Spotz*, 18 A.3d 244, 263 (Pa. 2011). Specifically, our Supreme Court has explained that

> [t]he petitioner cannot prevail merely by establishing that the waiver colloquy was indeed defective in some way. Rather, the petitioner must prove that, because of counsel's ineffectiveness, he waived the constitutional right at issue unknowingly or involuntarily, and that he was prejudiced. To establish prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's ineffectiveness, he would not have waived the right

at issue. In considering such a claim of ineffectiveness, the court considers the totality of the circumstances and the entire record, not just the colloquy itself.

*Id.* at 263-64 (citations omitted).

The PCRA court addressed Appellant's claim as follows:

At the [*Grazier*] hearing [during Appellant's direct appeal], [Appellant] demonstrated that he did not understand the various steps in the appellate process. He complained of his inability to obtain documents and expressed frustration about communication with his attorneys—he claimed to have fired four previous lawyers.

Th[e trial] court warned [Appellant] of the perils of self-representation:

My feeling is, [Appellant], that you'd be much better off with [Attorney] Bryn than representing yourself, so much better off. I just have to tell you that.

If you represent yourself, you will be held to the same standard as any lawyer would. You would be required to follow all the rules that lawyers would have to follow. And, you know, frankly, [Appellant], I don't think you're in a position to do that.

You ought to let [Attorney] Bryn continue to represent you and do what has to be done with the Superior Court in an effort to get you a new trial. I think that's what you should do.

Later in the hearing, [Appellant] stated:

You know, hold on, Your Honor. You know what? I prefer to go *pro se*.

The [trial] court stated:

Okay. [Appellant], that will end this hearing and as long as you understand that you're going to be bound by all the rules that attorneys are bound by, and I wish you the best of luck. Thank you very much. That will end this hearing.

[Appellant] responded:

Okay. Your Honor? Hold on, Your Honor.

- 9 -

The [trial] court responded:

> No, I'm not holding on, No, I'm not holding on. [Appellant], I'm not holding on any longer. This hearing is over.

Appellant stated:

> Thank you. Just give me my discovery. Please? Thank you.

> [Appellant] wanted to represent himself. He heard the [trial] court's warnings of the dangers of self-representation. In the course of the hearing, [Attorney] Bryn responded to [Appellant's] requests for documents and advised him of the procedures on appeal. [Appellant] said clearly that he wanted to go *pro se*. Despite [Attorney] Bryn's explanations, [Appellant] insisted on representing himself. [Appellant] knew what he was doing, and he got his wish.

PCRA Ct. Op., 2/16/18, at 3-5 (record citations omitted).

Therefore, it is clear from the record that Appellant did not waive the right to counsel under duress. Indeed, both the trial court and Attorney Bryn strongly cautioned Appellant about the consequences of proceeding *pro se* on appeal, but Appellant believed he was in the best position to handle his case. *See* N.T., 7/28/11, at 1-20.

Moreover, with respect to the waiver colloquy, the trial court explained to Appellant that proceeding with court-appointed counsel was in his best interest and that he was ill-equipped to handle his appeal. *Id.* at 9, 13-14. However, although Appellant understood his right to counsel, he stated that he "just got rid of basically four attorneys," and insisted that both trial counsel and Attorney Bryn failed to follow his instructions regarding his case. *Id.* at 14-15. The trial court informed Appellant that were he to proceed *pro se*, he would be held to the same standards as a licensed attorney and bound by the

applicable procedural rules of the court. *Id.* at 9, 20. The court also explained to Appellant the importance of issue preservation, and stated that if Appellant failed to timely assert his rights, those rights may be permanently lost. *Id.* at 7-9, 14-16, 20. Nevertheless, Appellant concluded that he "would prefer to go *pro se*." *Id.* at 20.

Finally, to the extent that Appellant argues Attorney Bryn was ineffective, that claim is meritless. As noted above, the PCRA court properly concluded that the waiver colloquy was sufficient. Therefore, Attorney Bryn will not be found ineffective for failing to pursue a meritless claim. *See Loner*, 836 A.2d at 132. Therefore, the record demonstrates that Appellant's decision to proceed *pro se* was knowing, intelligent, and voluntary and that Appellant's claim of ineffective assistance of counsel lacked merit. *See Grazier*, 713 A.2d at 82; *see also Meehan*, 628 A.2d at 1157. Accordingly, we find no error or abuse of discretion in the PCRA court's dismissal of this claim. *See Ousley*, 21 A.3d at 1242.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019

- 11 -